UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC ANTHONY SICILIANO, <br><br> Plaintiff, <br><br> v. <br><br> SWIFT FUNDS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:17-cv-00177 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes ERIC ANTHONY SICILIANO ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of SWIFT FUNDS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a natural person who at all times relevant to the instant action resided at 5404 S. Newland Avenue, Chicago, Illinois which falls within the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Defendant identifies itself as a third-party collection agency with its headquarters located at 927 Deer Valley Drive, Rolling Hills, California. Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. On September 30, 2016, Plaintiff caused to be filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Illinois, under case number 1:16-bk-31454 ("Bankruptcy Case").

10. The filing of the Bankruptcy Case prompted the imposition of the Automatic Stay under section §362 of the Bankruptcy Code. As a result, Plaintiff's creditors were stayed from collection activity.

11. In approximately early November 2016, Defendant started calling Plaintiff's cellular phone, (708) XXX-2135, for the purpose of debt collection.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 2135. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Plaintiff would later discover that Defendant was contacting him seeking collection of an allegedly delinquent gym membership ("subject consumer debt") owed to U Gym, LLC d/b/a UFC Gym ("UFC").

14. Plaintiff disputes owing UFC any money as he is currently a member of its gym.

15. The phone number that Defendant has most often called Plaintiff from is (888) 479-4384.

16. Upon information and belief, the phone number ending in 4384 is regularly utilized by Defendant during its debt collection activities.

17. Defendant has called Plaintiff numerous times including: November 3, 2016, November 18, 2016, November 28, 2016, December 8, 2016, December 14, 2016, and January 6, 2017.

18. On December 30, 2016, Plaintiff was granted a discharge of all of his dischargeable obligations, including the alleged subject consumer debt. Subsequently, the Bankruptcy Case was closed on January 3, 2016.

19. On January 6, 2017, following his discharge, Plaintiff received a call from Defendant. Initially missing the call, Plaintiff called Defendant back a short time later and learned why it was contacting him.

20. During Plaintiff's conversation with Defendant, he was told that his credit was continuing to be negatively impacted.

21. Concerned over Defendant's conduct and the validity of the subject consumer debt, Plaintiff conferred with Sulaiman regarding his rights.

22. Plaintiff has been inconvenienced, misled, and harassed by Defendant's collection actions.

23. Plaintiff has been made to believe his discharge from the Bankruptcy Case had no effect and that his credit would continue to be negatively impacted due to Defendant's actions and statements.

24. Plaintiff has suffered pecuniary loss as a result of Defendant's actions.

25. Plaintiff has suffered actual harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by such calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Through its collection activities Defendant violated 15 U.S.C. §1692c(a)(2), d, e, e(2), e(8), e(10), f, f(1), and g.

28. By virtue of the Automatic Stay and subsequent discharge of the Bankruptcy Case, Defendant was completely enjoined for contacting Plaintiff seeking payment of the subject consumer debt. When Defendant continued to contact Plaintiff after he filed the Bankruptcy Case, it falsely and unfairly represented that the subject consumer debt was in fact collectable. This conduct had the natural consequence of harassing Plaintiff.

29. Defendant further displayed its illegal behavior when it falsely stated that Plaintiff's credit would continue to be negatively impacted if he did not make payment on the subject

consumer debt. Defendant had no legal right to collect from Plaintiff nor continue to make negative reports to the credit bureaus regarding the subject consumer debt.

30. Through virtue of his Bankruptcy filing, Defendant knew or should have known that Plaintiff was represented by Sulaiman in connection with the Bankruptcy Case and subject consumer debt. Therefore, Defendant's calls were wrongfully placed to a known represented party.

31. Plaintiff never received any written correspondence from Defendant at any time regarding the subject consumer debt. Upon information and belief, Defendant never sent Plaintiff a "dunning notice" as required by section g of the FDCPA.

32. As plead in paragraphs 21 through 25, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, ERIC ANTHONY SICILIANO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 10, 2017          Respectfully submitted,

                                                    s/ Nathan C. Volheim
                                                    Nathan C. Volheim, Esq. #6302103
                                                    Admitted in the Southern District of Indiana
                                                    Sulaiman Law Group, Ltd.
                                                    900 Jorie Boulevard, Suite 150
                                                    Oak Brook, Illinois 60523
                                                    (630) 575-8181 x113 (phone)
                                                    (630) 575-8188 (fax)
                                                    nvolheim@sulaimanlaw.com